Robert HARRISON, Plaintiff—
Appellant,

v.

CENTRAL TELEPHONE COMPANY,
d/b/a Sprint Central Telephone,
Defendant—Appellee.

No. 01–16577.
D.C. No. CV–98–01776–KJD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Feb. 5, 2003.

Before SCHROEDER, Chief Judge,
NOONAN and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff Robert Harrison is an African–American male who was employed by defendant Central Telephone (d.b.a."Sprint"). He brought employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f), and the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging that he experienced (1) racial discrimination when he was disciplined for disconnecting a customer's phone service and (2) gender discrimination when he applied for another position with his employer, but did not obtain it. The district court granted summary judgment in favor of Sprint. Harrison appeals. We affirm.

Because the parties are familiar with the facts, we recite them only as necessary.

Legal questions in discrimination actions brought under Title VII and similar statutes are reviewed de novo, while a district court's underlying factual findings are subject to clearly erroneous review. *See Nichols v. Azteca Restaurant Enter., Inc.,* 256 F.3d 864, 871 (9th Cir.2001). A district court's conclusion whether a plaintiff has satisfied the elements of a prima facie case is reviewed de novo, although the underlying factual findings are reviewed for clear error. *See Paige v. California,* 291 F.3d 1141, 1145 n. 3 (9th Cir.2002). Whether a party has complied with the administrative claim requirements of Title VII is reviewed de novo. *See Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir.2001).

■ Harrison alleges that the two-day suspension he received for disconnecting service to one of Sprint's substantial customers without authorization constituted racial discrimination because other, non-protected class employees committed similar errors but received lesser sanctions. The district court held that the evidence provided by Harrison regarding the discipline received by other employees in supposedly similar disconnections was inadmissible and, even if admissible, found that it was insufficient to establish a prima facie case for Title VII purposes. The district court also held that there was insufficient evidence of intent to discriminate to support Harrison's § 1981 claim. We agree. Thus, Sprint was entitled to summary judgment because it "show[ed] that the nonmoving party does not have enough evidence of an essential element of its claim ... to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1106 (9th Cir.2000).

■ The district court dismissed Harrison's gender discrimination claim for lack of jurisdiction because of his failure to exhaust his administrative remedies. Although Harrison had filed a charge of gender discrimination with the Nevada Equal Rights Commission, he was instructed to withdraw this charge and instead amend his prior charge of racial discrimination to include the new allegation. Harrison did not amend the first charge. Consequently, the district court properly dismissed this claim for lack of jurisdiction.

■ Harrison has also alleged that, because in the district court he was proceeding pro se, he was entitled to receive from the trial court specific notice regarding his evidentiary burden in opposing a motion for summary judgment. We have required such notice be given to pro se prisoner plaintiffs, but such notice is not required for other pro se plaintiffs, including Harrison. *See Rand v. Rowland,* 154 F.3d 952, 956 (9th Cir.1998).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

For the foregoing reasons, the district court's Order granting summary judgment is AFFIRMED.